UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>E.J. SCIABA CONTRACTING COMPANY, INC.,<br><br>Debtor<br><br>LYNNE F. RILEY, CHAPTER 7 TRUSTEE,<br><br>Plaintiff<br><br>v.<br><br>ADELE SCIABA,<br><br>Defendant<br><br>AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY,<br><br>Intervener | Chapter 7<br>Case No. 03-20344-RS<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 04-1357 |

MEMORANDUM OF DECISION ON
TRUSTEE'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS,
ON MOTION OF ADELE SCIABA FOR PROTECTIVE ORDER,
AND ON MOTION OF ADELE SCIABA TO STRIKE EXHIBITS

The Plaintiff, Lynne F. Riley, as she is Chapter 7 Trustee in the bankruptcy case of E. J. Sciaba Contracting Co., Inc. ("the Trustee"), has moved under FED. R. CIV. P. 37 for the following relief: (1) to compel Defendant Adele Sciaba ("Ms Sciaba") to produce requested documents and answer propounded interrogatories; (2) to impose an appropriate monetary sanction on Ms. Sciaba for her failure to cooperate in discovery, including reimbursement of the Trustee for the expenses incurred in bringing this motion; and (3) should Ms. Sciaba fail to produce the requested discovery as compelled by the Court, to deem established the matters that

are the subject of the discovery requests. Ms. Sciaba opposes the motion and has responded with a motion for protective order and a motion to strike certain exhibits adduced by the Trustee in support of her motion to compel. For the reasons set forth below, the Court will allow the Trustee's motion to compel and deny Ms. Sciaba's motions for protective order and to strike exhibits.

**Procedural History**

By her complaint in this adversary proceeding, Lynne Riley, as she is Chapter 7 Trustee of the estate of debtor E.J. Sciaba Contracting Co., Inc. (Respectively "the Trustee" and "the Debtor"), seeks to avoid and recover from the Defendant, Adele Sciaba, a transfer of cash from the Debtor to Ms. Sciaba in the amount of $550,000. Ms. Sciaba is the mother of the Debtor's principal, Edward J. Sciaba, Jr. (Edward Sciaba is himself a debtor in a related bankruptcy case under Chapter 7 of the Bankruptcy Code, and Ms. Riley is the Chapter 7 Trustee in that case, too.)

On July 7, 2005, the Trustee served on Ms. Sciaba a request for production of documents and a set of interrogatories. Ms. Sciaba did not respond to these requests by the original deadline and instead obtained from the Trustee and the Court two extensions of time to respond. When the extended deadlines arrived, Ms. Sciaba produced no documents and, despite a promise that a response soon would be forthcoming, still has produced no documents. She produced a response to the interrogatories, but the response is unsigned and fails to provide substantive answers to many of the interrogatories.

The Trustee then filed the present motion, stating that Ms. Sciaba's conduct is the result of a simple refusal to cooperate, which refusal justifies an order compelling production and

awarding monetary sanctions and, if cooperation is still not forthcoming, an order that the matters that are the subject of the discovery requests be taken as established for purposes of this adversary proceeding. Ms. Sciaba filed an objection to the motion and a motion for protective order. In the latter, she contends that the discovery requests are vague and ambiguous; that they incorporate legal conclusions that Ms. Sciaba, not being an attorney, is not capable of understanding; that they are duplicative of requests made by the Plaintiff in related litigation[1]; that they are not reasonably related to the subject matter of the litigation; that they are unduly broad; and that they are an annoyance and unwarranted burden on her. Ms. Sciaba also filed a motion to strike exhibits, the exhibits being correspondence between counsel to the parties relating the this discovery dispute and their efforts to settle it. Ms. Sciaba contends that evidence of such discussions is barred by FED. R. EVID. 804. The Court has held a hearing on the motions to compel and for protective order and to strike exhibits.

**Discussion**

Ms. Sciaba's response to the motion to compel belies the very non-cooperation and bad faith on which the motion is predicated. First, her motion for protective order comes many months after she was first obligated to produce the discovery at issue. The motion is therefore not only untimely but evidence that she is not intent on cooperating in expeditious completion of discovery and resolution of disputes relating thereto, but in obstructing the process with an endless string of excuses, continuances, and defaults.

Second, it is no excuse to production that certain of the Trustee's discovery requests are

---

[1] Here she refers to adversary proceeding 04-1088, brought by Lynne Riley in her capacity as Chapter 7 Trustee of Edward Sciaba.

3

duplicative of requests asserted by Lynne Riley in her capacity as trustee in a different (albeit related) case, through different counsel, and regarding a different adversary proceeding. Ms. Sciaba's suggestion, especially through counsel, that this somehow excuses her nonproduction can only be construed as evidence of bad faith.[2]

Third, the suggestion that the discovery requests are not reasonably related to the subject matter of the litigation is patently untrue. Item after item relates directly to the subject matter of this adversary proceeding. Moreover, if an item were overbroad—I find that no item is overbroad—that fact would be no excuse for her failure to produce those responsive documents that do concern the subject matter of the adversary proceeding and would fall within the scope of a properly limited request.

Fourth, if certain discovery requests require the assistance of counsel to understand legal terminology, then Ms. Sciaba must avail herself of the assistance of counsel to understand and fashion a response to the request. Nothing in these requests is beyond the comprehension of a party having the assistance of counsel and intent on answering them.

Fifth, her suggestion that these requests are an "annoyance" and an "unwarranted burden" carry no weight whatsoever. Annoyance or not, the Trustee is fully within her rights in prosecuting this action and obtaining full discovery with respect to the underlying transfer.

For these reasons, the Court finds that Ms. Sciaba has been intent on delay and noncooperation. Her failure to respond to the document requests and her inadequate response to the interrogatories warrant imposition of sanctions both compensatory and compulsive. The Court will order payment of compensatory sanctions to the Trustee, which I now quantify at

---

[2] This particular excuse is all the more remarkable because Ms. Sciaba did not produce documents in that adversary proceeding until compelled by this Court's sanctions to do so.

4

$2,500.00, for the legal fees and costs engendered by her noncooperation. The Court will further impose compulsive sanctions in the amount of $200 per day for each day from and after January 23, 2006 until all documents requested have been produced and the Plaintiff's First Set of Interrogatories has been fully answered. Ms. Sciaba's motion for protective order will be denied. And Ms. Sciaba's motion to strike exhibits will be denied: the exhibits directly concern the conduct of discovery, not settlement of this adversary proceeding. A separate order will enter accordingly.

Date: January 17, 2006

_____
Robert Somma
United States Bankruptcy Judge

cc: Michael Goldberg, Esq., for Plaintiff
    David Baker, Esq., for Adele Sciaba